# DeLoach Mills Manufacturing Co. v. Middlebrooks.

*Action by Agent, for Commissions on Sales.*

1. *Relevancy of evidence as to sales by other agents.*—When plaintiff sues for commissions on sales of machinery made or effected by him as agent for defendants, they can not be allowed to prove they had other agents in the county who were authorized to make sales for them.

[DeLoach Mills Manufacturing Co. v. Middlebrooks.]

2. *Impeaching witness.*—A witness can not be impeached by evidence contradicting his testimony as to an immaterial inquiry.

APPEAL from the Circuit Court of Conecuh.
Tried before the Hon. JOHN P. HUBBARD.

STALLWORTH & BURNETT, for appellant.

FARNHAM & CRUM, *contra*.

McCLELLAN, J.—This action is by Middlebrooks, for commissions on sales which he alleges were made or "worked up" by him, for the defendant company as its agent. There is no conflict in the evidence as to the agency, or the terms of it. Plaintiff was authorized to make sales of machinery, &c. for defendant, and was to receive fifteen per cent. commissions on all sales made by him, and also on all sales which resulted from his efforts—were "worked up" by him—though not in fact consummated by or through him. The only material controversy as to the facts was in respect of the inquiry whether the sales upon which commissions were claimed had been made, or "worked up" by the plaintiff. And in this connection the defendant corporation sought to prove that it had other agents for the sale of its wares in Conecuh county, where plaintiff resided and did business. The court, we think, properly excluded this proposed evidence from the jury. It was irrelevant to the issue. To have admitted it would have been to allow the jury to find that plaintiff had not made or "worked up" the alleged sales, from the mere fact that they might have been made by another agent, without any proof that they were so made, and notwithstanding, even though it had been further shown that they were actually made by another agent, yet they might have been "worked up" by the plaintiff in such sort as to entitle him to the commissions he claimed.

Nor can the admissibility of this testimony be rested on the theory, that it went to impeach plaintiff as a witness. Whether or not he had testified that defendant had no other agent in that territory, he could not be impeached by evidence contradicting him in that respect, because neither his rights, not defendant's liability, depended upon that fact; it was an immaterial inquiry, which could not be gone into for the purposes of impeachment.— *Griel v. Solomon*, 82 Ala. 85.

The only objection urged to that part of the court's

[Hood v. Pioneer Mining & Manufacturing Co.]

general charge to which an exception was reserved is, that "it assumed facts of which there was no evidence." The objection is untenable. It predicates only these facts : that there was a contract on the part of defendant to pay plaintiff fifteen per cent. commissions on all sales made or "worked up" by him, and this is uncontroverted; that plaintiff "worked up" the sale to Deer, and this plaintiff's evidence tends to establish; and that a sale was made to Deer, which is undisputed.

Charge one requested for defendant is faulty, in that it assumes that plaintiff had failed to prove a material fact in his case, having reference, we suppose, to plaintiff's connection with the sale to Deer, since that fact only was in dispute. There was evidence tending to show that plaintiff's efforts had brought about this sale, and its sufficiency was for the jury. It was not for the court to assume, but for the jury to determine, whether it had or had not been proved.

Charge two requested for the defendant was well refused on the ground of its being abstract, if upon no other ground. Its assumption that defendant became liable to pay, or had paid, commissions on these sales to some third person, in consequence of plaintiff's negligent delay in giving notice of his claim, is entirely gratuitous; there is no such evidence in the record.

The judgment of the Circuit Court is affirmed.